UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY A. WOODS, *et al.*,

      Plaintiff,

v.

      Civil Action 2:12-cv-00231
      Judge Edmund A. Sargus
      Magistrate Judge Elizabeth P. Deavers

CAROL CROCKETT-HARRIS, *et al.*,

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion to Compel Immediate Payment of Full Filing Fees and for Related Relief Under the "Three Strikes" Provision of the Prisoner Litigation Reform Act ("PLRA"). (ECF No. 15.) Also before the Court is Plaintiff's Motion to Strike the Defendant's Pleadings. (ECF No. 17.) Defendants filed their Response to Plaintiff's Motion on May 31, 2012. (ECF No. 18.) Plaintiff filed his Reply on June 6, 2012. (ECF No. 20.) For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Compel Immediate Payment of Full Filing Fees be **GRANTED**. (ECF No. 15.) Additionally, Plaintiff's Motion to Strike is **SUMMARILY DENIED**. (ECF No. 17.)

### I. STANDARD OF REVIEW

The PLRA limits a prisoner's ability to proceed *in forma pauperis* if the prisoner has had three or more prior cases dismissed for failure to state a claim:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In interpreting the language of this section, the United States Court of Appeals for the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Moreover, "dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of § 1915(g) indicates, the three-strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For the purposes of interpreting the statute, the Court considers whether a plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, No. 08–2602, 2011 WL 1105652, at *2 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the United States Court of Appeals for the Sixth Circuit has not offered a precise definition of imminent danger, it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the Sixth Circuit has recently noted, "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 2011 WL 1105652, at *3; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should "maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm") (citing *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) ("Before denying leave to proceed

2

IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger.") (citing *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir.1998)).

## II. ANALYSIS

### A. Plaintiff Has Accumulated Three Strikes

The Undersigned finds that Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g). Defendants have brought fifteen of Plaintiff's previous cases to the Court's attention. Although not all fifteen cases qualify as strikes under the three-strikes provision, at least the following three do:[1]

> *Woods v. Allen, et al.*, 1:00-cv-599 (S.D. Ohio); dismissed 7/27/00 for failure to state a claim upon which relief may be granted. Court certified that an appeal of the Order would not be taken in good faith. (Defs.' Mot. Ex.1 at 43, ECF No. 15-1.)
>
> *Woods, et al. v. Frederick, et al.*, 4:07-cv-68 (N.D. Ohio); dismissed 4/18/07 for failure to state a claim upon which relief may be granted. *Id.* at 82-89.
>
> *Woods v. Cashier's N. Sterlingnl MCI*, 3:08-cv-1948 (N.D. Ohio); dismissed 12/19/08 for failure to state a claim upon which relief may be granted. *Id.* at 88-103.

Plaintiff maintains that none of these cases qualifies as a strike under § 1915(g). He contends that Defendants fraudulently created the case printouts that they attached to their Motion as exhibits. He further posits that Defendants are biased and racist against African American litigants. With regard to the three cases specifically, Plaintiff contends that case

---

[1] The Court takes judicial notice of the three cases pursuant to Federal Rule of Evidence 201. *See* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Landt v. Farley*, 2012 WL 4473209, *1 (N.D. Ohio Sept. 26, 2012) (noting that the "court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet") (quotation marks and citation omitted).

number 1:00-cv-599 was never before the United States District Court. He questions the authenticity of the Defendants' printout of the case-history, pointing out that, although he was not incarcerated in Richland Correctional Institution until 2009, the printout reflects that his address in 2001 was the Richland Correctional Institution. (Pl.'s Mot. 5, ECF No. 17.) Additionally, Plaintiff maintains that the Court in case number 4:07-cv-68 dismissed the case not for failure to state a claim, but rather because the defendant was immune from suit. *Id.* at 6. Finally, Plaintiff argues that although the Court dismissed case number 3:08-cv-1948 for failure to state a claim, that case nevertheless cannot count as a strike because the Court failed to give Plaintiff notice of its intent to dismiss the action and failed to allow Plaintiff the opportunity to amend his complaint to cure the defects. *Id.* at 6-7.

After conducting its own review of the cases in question, the undersigned finds that each of the three cases qualifies as a strike under § 1915(g). Each of the three cases was before the United States District Court, and each was dismissed for failure to state a claim upon which relief may be granted. Moreover, even if Plaintiff's allegations concerning case number 3:08-cv-1948 are true, the Court has no obligation to notify a plaintiff in advance of its intent to dismiss a case or to allow a plaintiff to amend the complaint to cure its defects. *See Palacio v. Hofbauer*, 106 Fed. App'x. 1002, 1005 (6th Cir. 2004) (noting that the PLRA overruled the procedures set forth in *Tinger v. Marshall*, 716 F.2d 1109, 1111-12 (6th Cir. 1983), which prohibited a district court from *sua sponte* dismissing a plaintiff's suit unless it first gave the plaintiff the opportunity to amend or correct the deficiencies in the complaint). Indeed, the Sixth Circuit has recognized that the PLRA prohibits district courts from giving prisoner-plaintiffs the opportunity to cure defects contained in their complaint if the defects warrant dismissal:

> Under the [PLRA], courts have no discretion in permitting a plaintiff to amend a

4

complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint. Section 1915A also provides for such *sua sponte* dismissals.

*McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (overruled on other grounds); *see also U.S. ex rel. Donaldson v. Conservation Res. Alliance*, No. 03-10141, 2006 WL 695674 (E.D. Mich. Mar. 14, 2006) (reaffirming the principle that courts have "no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal"). Accordingly, each of the three cases discussed above qualifies as a strike under the three-strikes provision of the PLRA. Thus, Plaintiff must pay the full filing fee in this case unless he qualifies for the "imminent danger" exception to § 1915(g).

**B.     Plaintiff Does Not Qualify for the "Imminent Danger" Exception**

Plaintiff does not qualify for the imminent danger exception to § 1915(g). Not only is Plaintiff's imminent-danger argument raised in his Motion to Strike unpersuasive, but the allegations contained within his Complaint do not qualify him for the imminent danger exception.

The Undersigned first considers the imminent-danger argument Plaintiff raises in his Motion to Strike. Plaintiff contends that he lacks sufficient funds to pay the full filing fee, and that an order requiring him to do so will thus result in the dismissal of this case. According to Plaintiff, dismissal of this case will place him in imminent danger because prison staff members have indicated that they will seek revenge against him once this case concludes. Staff members have allegedly called him racist names and told him that he will "get his" as soon as this case is over. (Pl.'s Mot. at 10, ECF No. 17.)

Even if true, Plaintiff's allegations do not bring Plaintiff within the imminent danger exception to the three-strikes provision. First, the prospect that Plaintiff might face future harm

5

does not constitute "imminent danger" within the meaning of § 1915(g). *See Vandiver*, No. 08-2602 at *2 (noting that imminent danger must be contemporaneous with the complaint's filing). Moreover, to qualify for the exception, the circumstances allegedly creating imminent danger must be the subject of the plaintiff's complaint. *See Pointer v. Marc*, No. 2:11-cv-0109, 2011 WL 847012 at *2 (S.D. Ohio March 8, 2011) (holding that "[i]t is a requirement of the PLRA . . . that the alleged danger which might justify allowing the prisoner to proceed despite his three prior 'strikes' must be related to claims in the complaint"); *Daniel v. Lafler*, No. 08-13817, 2009 WL 2386064 at *3 (E.D. Mich. July 28, 2009) (finding prisoner had not demonstrated he was in imminent danger where allegations were unrelated to underlying complaint); *see also Pettus v. Morgenthau*, 554 F.3d 293, 297 (2nd Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."). Here, the circumstances allegedly creating imminent danger are unrelated to the legal claims Plaintiff raised in his Complaint. Plaintiff's allegations do not, therefore, qualify him for the imminent danger exception to § 1915(g).

For the sake of completeness, the Undersigned next considers whether the allegations contained within Plaintiff's Complaint bring Plaintiff within the imminent danger exception, although neither party raised the issue in their briefs. Although Plaintiff alleges that prison officials on two previous occasions placed him in a dorm which purportedly contains asbestos, this does not implicate the imminent danger exception. (Compl. 10, ECF No. 3.) The Sixth Circuit has yet to address whether purported exposure to asbestos could constitute imminent danger within the meaning of § 1915(g). At least two courts outside of the Sixth Circuit, however, have considered the issue. In *Gibbs v. Cross*, 160 F.3d 962 (3rd Cir. 1998), the prisoner-plaintiff alleged that he suffered "severe headaches, change in voice, mucus that is full

6

of dust and lint, and watery eyes," as a result of breathing in particles of dust and lint which were continuously being dispersed into his cell through the ventilation system. *Id.* at 965. At the time he filed his complaint, the plaintiff had been breathing the dust for at least several continuous months. *Id.* at 964, 965. The plaintiff argued that, for all he knew, the dust particles could be asbestos. *Id.* at 965. In reversing the district court's dismissal of the plaintiff's complaint, the Third Circuit held that the plaintiff's allegations that "unidentified dust particles were in his lungs and mucus, and that he is suffering from severe headaches, watery eyes, and a change in his voice as a result," were sufficient to bring his claim within the imminent danger exception. *Id.* The court in the second case, *Miller v. Meadows*, 5:05-cv-29, 2005 WL 1983838 (M.D. Ga. Aug. 11, 2005), reached a different result. There, the prisoner-plaintiff alleged that he was "being subjected to second hand smoke and exposed to asbestos." *Id.* at 5. The court concluded that the plaintiff failed to support his allegation with specific facts to demonstrate how the acts give rise to imminent danger of serious physical injury. *Id.*

Here, as in *Miller*, Plaintiff has failed to support his allegation with facts demonstrating how his prior placement in a room purportedly containing asbestos gives rise to imminent danger. Based on these allegations, the Undersigned concludes that Plaintiff was not in imminent danger of serious physical injury that was "real and proximate." *Rittner*, 290 F. App'x at 797. Thus, Plaintiff does not qualify for the imminent danger exception to the three-strikes provision of the PLRA. He must pay the full filing fee for this case to proceed.

Because Plaintiff has accumulated three strikes within the meaning of § 1915(g) and he does not qualify for the imminent danger exception, the PLRA precludes Plaintiff from proceeding *in forma pauperis*. It is, therefore, **RECOMMENDED** that Defendants' Motion to

7

Compel Payment of Full Filing Fees be **GRANTED**.[2] (ECF NO. 15.) Additionally, Plaintiff's Motion to Strike Defendants' Pleadings is **SUMMARILY DENIED** as having no merit whatsoever. (ECF No. 17.)

### III. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

---

[2] In addition to requesting that Plaintiff be required to pay the full filing fee, Defendants state in the conclusion to their Motion that they "request that Plaintiff be required to pay a full filing fee in advance of any future cases that he chooses to submit." (Defs.' Mot. 6, ECF No. 15.) To the extent they seek to have the Court Order that Plaintiff pay an advance filing fee before he files any future cases, Defendants cite no authority to support their request. Indeed, according to the Undersigned's independent review, no authority for their request exists. Thus, to the extent Defendants seek relief beyond the requirement that Plaintiff pay the full filing fee in this case, their request is denied.

appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

Date:   November 20, 2012                                         /s/ *Elizabeth A. Preston Deavers*
                                                                                Elizabeth A. Preston Deavers
                                                                                United States Magistrate Judge