UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFREY A. WOODS,** *et al.,*

    **Plaintiff,**

v.

    Civil Action 2:12-cv-00231
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

**CAROL CROCKETT-HARRIS,** *et al.,*

    **Defendants.**

## ORDER

This matter is before the Court for consideration of the November 20, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 21.) Also before the Court is Plaintiff's Objection to the Magistrate Judge's Order denying his Motion to Strike. (ECF No. 23.)

On May 11, 2012, Defendants filed a Motion to Compel Immediate Payment of Full Filing Fees. (ECF No. 15.) Plaintiff filed his Memorandum in Opposition to Defendants' Motion on May 31, 2012. (ECF No. 18.) Plaintiff also filed a Motion to Strike Defendants' Pleadings, arguing that Defendants had attached fraudulent documents to their Motion to Compel. (ECF No. 17.) On November 20, 2012, the Magistrate Judge recommended that the Court grant Defendants' Motion to Compel. (ECF No. 21.) The Magistrate Judge also denied Plaintiff's Motion to Strike. *Id.* On December 4, 2012, Plaintiff objected to both the Report and Recommendation and the Order denying his Motion to Strike. (ECF No. 23.) For the reasons that follow, Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge are **OVERRULED**. The Report and Recommendation is **ADOPTED**. (ECF No. 21.) Defendants' Motion to Compel Immediate Payment of Full Filing Fees is **GRANTED**. (ECF No. 15.)

Additionally, Plaintiff's Objections to the Magistrate Judge's Order denying his Motion to Strike are **OVERRULED**. The Magistrate Judge's Order is **ADOPTED**. Plaintiff's Motion to Strike is **DENIED**. (ECF No. 17.)

## I. PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

The Court will first address Plaintiff's Objections the Report and Recommendation of the Magistrate Judge. In her Report and Recommendation, the Magistrate Judge correctly set forth the standard governing the three-strikes provision of the Prisoner Litigation Reform Act ("PLRA"). The Court adopts the standard set forth in the Report and Recommendation.

In applying the standard to this case, the Magistrate Judge concluded that Plaintiff had accumulated three strikes within the meaning of the PLRA. The Magistrate Judge also concluded that Plaintiff does not qualify for the "imminent danger" exception to the three-strikes rule. Plaintiff has not objected to the Magistrate Judge's conclusion that the imminent danger exception does not apply to this case. Plaintiff was informed in the Report and Recommendation that failure to raise specific objections to the findings of the Magistrate Judge would result in a waiver of review. *See* Order and Report and Recommendation 9, ECF No. 21 ("Even when timely objections are filed, appellate review of issues not raised in those objections is waived."). Thus, Plaintiff has waived his right to review of the Magistrate Judge's finding that the imminent danger exception does not apply to this case. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). The Court will thus focus only on Plaintiff's argument that he has not accumulated three strikes within the meaning of the PLRA.

The Court finds that Plaintiff has accumulated three strikes within the meaning of the PLRA. The Magistrate Judge correctly determined that the following three cases qualify as

"strikes" within the meaning of the three-strikes rule:

> *Woods v. Allen, et al.*, 1:00-cv-599 (S.D. Ohio); dismissed 7/27/00 for failure to state a claim upon which relief may be granted. Court certified that an appeal of the Order would not be taken in good faith. (Defs.' Mot. Ex.1 at 43, ECF No. 15-1.)
>
> *Woods, et al. v. Frederick, et al.*, 4:07-cv-68 (N.D. Ohio); dismissed 4/18/07 for failure to state a claim upon which relief may be granted. *Id.* at 82-89.
>
> *Woods v. Cashier's N. Sterlingnl MCI*, 3:08-cv-1948 (N.D. Ohio); dismissed 12/19/08 for failure to state a claim upon which relief may be granted. *Id.* at 88-103.

Plaintiff objects to the Magistrate Judge's finding, raising the same arguments he raised in his Opposition to the Defendants' Motion to Compel. Specifically, Plaintiff argues that Defendants attached fraudulent case-history reports to their Motion to Compel. (Obj. 3, ECF No. 23.) He appears to be under the impression that the Magistrate Judge relied on the Defendants' attachments to find that case number 1:00-cv-599 qualifies as a strike. *See id.* ("The Mag[istrate] Judge has used . . . a fraudulent application submitted by the defendants to qualify as a . . . strike."). But the Magistrate Judge based her findings on her own investigation into the docket history of case number 1:00-cv-599. (Order and Report and Recommendation 4, ECF No. 21.) Indeed, she reviewed all three of the cases in question. *Id.* This Court, too, has reviewed the docket histories of the cases in question. The Court takes judicial notice of the three cases,[1] and concludes, for the same reasons as did the Magistrate Judge, that each of three cases qualifies as

---

[1] Judicial Notice is appropriate pursuant to Federal Rule of Evidence 201. *See* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Landt v. Farley*, 2012 WL 4473209, *1 (N.D. Ohio Sept. 26, 2012) (noting that the "court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet") (quotation marks and citation omitted).

3

a "strike" within the meaning of the three-strikes provision of the PLRA. Thus, Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge are **OVERRULED**. The Report and Recommendation is **ADOPTED**. Defendants' Motion to Compel Immediate Payment of Full Filing Fees is **GRANTED**. (ECF No. 15.)

## II. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S DENIAL OF HIS MOTION TO STRIKE

The Court now turns to Plaintiff's Objection to the Magistrate Judge's Order denying his Motion to Strike. The subject Order involves a non-dispositive matter. Thus, the Court applies the "clearly erroneous" or "contrary to law" standard of review set forth in Federal Rule of Civil Procedure 72(a). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a magistrate judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) (internal quotation marks and citation omitted).

In his Motion to Strike, Plaintiff argues that Defendants attached fraudulent case-history reports to their Motion to Compel Full Filing Fees. (P.'s Mot. 1, ECF No. 17.) The Magistrate Judge summarily denied Plaintiff's Motion as having no merit whatsoever. (Order and Report and Recommendation 8, ECF No. 21.)

In his Objection, Plaintiff argues that the Magistrate Judge should not have denied his Motion because he demonstrated the fraudulent nature of Defendants' case-history reports. (Obj. 2, ECF No. 23.) As noted above, however, both the Magistrate Judge and this Court reviewed

4

the case-histories in question. The Defendants' attachments are not fabricated. Thus, the Magistrate Judge did not clearly err in denying Plaintiff's Motion to Strike. Plaintiff's Objections are, therefore, **OVERRULED**. The Magistrate Judge's Order is **ADOPTED**. Plaintiff's Motion to Strike is **DENIED**. (ECF No. 17.)

### III. CONCLUSION

Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge are **OVERRULED**. The Report and Recommendation is **ADOPTED**. (ECF No. 21.) Defendants' Motion to Compel Immediate Payment of Full Filing Fees is **GRANTED**. (ECF No. 15.) Additionally, Plaintiff's Objections to the Magistrate Judge's Order denying his Motion to Strike are **OVERRULED**. The Magistrate Judge's Order is **ADOPTED**. Plaintiff's Motion to Strike is **DENIED**. (ECF No. 17.) Plaintiff is **ORDERED** to submit the entire filing fee of $350.00 (Three Hundred Fifty Dollars) within **TWENTY-ONE (21) DAYS**. Failure to comply with this Order may result in the dismissal of this case.

**IT IS SO ORDERED.**

12-13-2012
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5