UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY A. WOODS, *et al.*,

      Plaintiff,

      v.

                           Civil Action 2:12-cv-00231
                           Judge Edmund A. Sargus
                           Magistrate Judge Elizabeth P. Deavers

CAROL CROCKETT-HARRIS, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate who proceeds without the assistance of counsel, initially sought and was granted *in forma pauperis* status in this case.  (ECF No. 2.)  Defendants filed a Motion to Compel Full Filing Fees on May 11, 2012 on the grounds that Plaintiff had accumulated three strikes within the meaning of the Prisoner Litigation Reform Act ("PLRA").  *See* 28 U.S.C. § 1915(g) (limiting a prisoner-plaintiff's ability to proceed *in forma pauperis* if he or she previously brought three actions *in forma pauperis* while incarcerated that resulted in dismissal for failure to state a claim).  The Court granted Defendants' Motion on December 13, 2012 and directed Plaintiff to pay the full $350.00 filing fee within twenty-one (21) days.  (ECF No. 24.)  The Court specifically informed Plaintiff that "[f]ailure to comply with this Order may result in the dismissal of this case."  (*Id.* at 5.)  The docket indicates that Plaintiff has not paid the filing fee.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute or failure to comply with the terms of a court order is expressly recognized in Rule 41(b) of the Federal Rules of Civil Procedure.  Rule 41(b) provides in

pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

Here, the Court specifically warned Plaintiff that failure to pay the requisite filing fee would result in the dismissal of this action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff, however, has failed to pay the filing fee. The Court finds that Plaintiff's failure to comply with a clear order of the Court establishing a deadline to pay the full filing fee constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tennessee*, 8 Fed.App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order to submit a properly supported motion to proceed *in forma pauperis* motion or pay the filing fee within twenty days "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Accordingly, the Undersigned **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute and failure to comply with a court order.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex

Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:   January 17, 2013                           _____/s/ *Elizabeth A. Preston Deavers*_____
                                                             Elizabeth A. Preston Deavers
                                                             United States Magistrate Judge